IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN MICHAEL RILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW M. SAUL, Commissioner )<br>of the Social Security Administration, )<br>)<br>Defendant. ) | Case No. 18-cv-0673-STE |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

### I. PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration (SSA) denied Plaintiff's application for disability insurance benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued a decision finding Plaintiff was under a disability, as defined by the Social Security Act, from October 13, 2014 through November 4, 2015, at which time Plaintiff's disability ended due to medical improvement. (TR. 34,

35). The ALJ found that Plaintiff had not become disabled again since November 5, 2015. (TR. 40-41). The Appeals Council denied Plaintiff's request for review. (TR. 1-6). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 13, 2014, the date Plaintiff became disabled. (TR. 26). At step two, the ALJ determined that, from October 13, 2014 through November 4, 2015, the period during which Plaintiff was under a disability, Plaintiff had the following severe impairments: right leg amputation, degenerative disc disease, diabetes, and obesity. (TR. 26). At step three, the ALJ found that from October 13, 2014 through November 4, 2015, the severity of Plaintiff's right leg amputation met the criteria of section 105.B, one of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (the Listings). (TR. 33). Accordingly, the ALJ found that Plaintiff was under a disability from October 13, 2014 through November 4, 2015. (TR. 34).

Because the ALJ determined that Plaintiff's disability did not continue through the date of the decision, she proceeded to the additional eight-step evaluation process for determining medical improvement. *See Newbold v. Colvin*, 718 F.3d 1257, 1261, 1262 (10th Cir. 2013) (describing the process for evaluating disability claims when a medical improvement has occurred); 20 C.F.R. § 1594(f). Having previously found that Plaintiff was not engaged in substantial gainful activity, at step two the ALJ determined that

2

beginning November 5, 2015, Plaintiff did not have an impairment or combination of impairments that met or medically equaled a Listing. (TR. 34). At steps three and four, the ALJ determined that medical improvement had occurred on November 4, 2015, and the improvement was related to Plaintiff's ability to work. (TR. 35). The ALJ found that Plaintiff had not developed any new impairment since November 4, 2015 and, thus, Plaintiff's current severe impairments were the same as during the period from October 13, 2014 through November 4, 2015. (TR. 34).

The ALJ next found that Plaintiff was not capable of performing his past relevant work. (TR. 39). The ALJ further concluded that, beginning November 5, 2015, Plaintiff had the residual functional capacity (RFC) to perform sedentary work, with the following additional limitations:

> He can lift, carry, push, or pull ten pounds occasionally and less than that frequently. [Plaintiff] can stand or walk two out of eight hours total. He can sit six out of eight hours total. [Plaintiff] uses a cane for walking and balance. [Plaintiff] should never climb ladders, ropes, or scaffolds nor kneel, crouch, or crawl. [Plaintiff] occasionally can climb stairs, balance, or stoop. He occasionally can operate foot pedals with the right lower extremity.

(TR. 35).

With this RFC, the ALJ made additional findings at step eight. The ALJ consulted with a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. Given the limitations presented by the ALJ, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 40). Relying upon the testimony of the VE and based on his ability to perform the identified jobs, the ALJ concluded that Plaintiff's disability ended on November 5, 2015, and he had not become disabled again since that date. (TR. 40).

## III. STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, -- U.S. --, 139 S.Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only— such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## IV. ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ erred in (1) finding certain of Plaintiff's impairments to be nonsevere, and (2) failing to properly assess Plaintiff's RFC. (ECF No. 18:13, 18-21, 21-24).

## V. ANALYSIS

### A. *Step Two Findings*

Plaintiff first argues that the ALJ erred at step two[1] of the sequential evaluation in determining that Plaintiff's left knee arthritis and bilateral shoulder impingement were nonsevere impairments. (ECF No. 18:17, 18-21).[2] Even assuming the truth of Plaintiff's argument, however, any such error would be deemed harmless based on the ALJ's finding other severe impairments at step two. "[O]nce an ALJ finds that a claimant has at least one severe impairment, he does not err in failing to designate other disorders as severe at step two, because at later steps the agency 'will consider the combined effect of all of [claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.'" *Barrett v. Astrue*, 340 F. App'x 481, 484 (10th Cir. 2009) (quoting 20 C.F.R. § 404.1523) (alteration in original). Consequently, the Court "can easily dispose of" Plaintiff's step-two challenge regarding the ALJ's failure to deem Plaintiff's left knee and bilateral shoulder impairments severe. *Oldham v. Astrue*, 509 F.3d 1254, 1256 (10th Cir. 2007). *See Brescia v. Astrue*, 287 F. Appx 626, 629 (10th Cir. 2008) ("Once an ALJ has found that a claimant has at least one severe impairment, a failure to

---

[1] Plaintiff references only the step-two findings; however, as set forth above, in a medical improvement case such as the one at bar, severe impairments are evaluated at both step two of the five-step sequential disability evaluation process, and step six of the eight-step continuing disability evaluation process. *See* 20 C.F.R. §§ 404.1520(c), 1594(f)(6); *see also* TR. 23-25 (describing the process for evaluating disability claims when a medical improvement has occurred). Here, the ALJ found the same severe impairments in both of the sequential evaluations. TR. 26, 34.

[2] Plaintiff's caption for this section of his brief references carpal tunnel syndrome, but Plaintiff does not raise arguments regarding carpal tunnel. As such, Plaintiff does not develop this argument and the Court will not address it. *See Mays v. Colvin*, 739 F.3d 569, 576 & n. 4 (10th Cir. 2014) (declining to address argument not adequately developed or briefed).

designate another disorder as 'severe' at step two does not constitute reversible error[.]).[3]

B. *RFC Determination*

Plaintiff claims that the ALJ failed to adequately consider his testimony regarding functional limitations caused by his right leg amputation, back pain, and neck pain. (ECF No. 18:22-23 (citing Plaintiff's administrative hearing testimony at TR. 70, 76, 79-80, 82, 90)). Plaintiff is incorrect. The ALJ discussed Plaintiff's testimony and found that, while Plaintiff "does have some limitations," those limitations "are not to the extent as alleged." (ECF No. 18:26, 37). The ALJ discussed in detail the medical evidence of record that was not consistent with Plaintiff's allegations. (TR. 37). The ALJ's discussion of the medical record provides substantial evidence for the ALJ's determination that the record did not substantiate Plaintiff's claims of limitations caused by his right leg amputation, back pain, and neck pain. *See* SSR 16-3p, 2017 WL 5180304, at *5 (applicable March 28, 2016) ("[O]bjective medical evidence is a useful indicator to help make reasonable conclusions about the intensity and persistence of symptoms, including the effects those symptoms may have on the ability to perform work-related activities . . . ."); *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) ("[T]he ALJ did not simply recite the general factors he

---

[3] Plaintiff does not present arguments regarding the ALJ's findings at step six, but the analysis would be the same and any omission at that step would constitute harmless error. *See* 20 C.F.R. § 404.1594(f)(7) (if claimant has a severe impairment, RFC is assessed based on *all* of claimant's current impairments); *Padilla v. Barnhart*, CV 00-1233 WDS, 2003 WL 27384746, at *6 (D.N.M. Dec. 22, 2003) (finding that, when ALJ found severe impairments at step six and proceeded to steps seven and eight, any erroneous findings of nonseverity would be harmless because the remaining steps require analysis of all current impairments).

considered, he also stated what specific evidence he relied on in determining that [the claimant's] allegations of disabling pain were not credible.").

In contrast, Plaintiff has not cited to any medical evidence of record that contradicts the ALJ's analysis or that supports functional limitations that should have been included in the RFC but were not. *See* ECF No. 18:22-23. Plaintiff has not shown that the ALJ's RFC assessment is not supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).[4]

Plaintiff also claims that "because the ALJ did not include Plaintiff's left knee pain as a severe impairment, no restrictions were given with respect to Plaintiff's ability to actually walk for two hours in an eight hour workday." (ECF No. 18:24). Plaintiff ignores the fact that the ALJ limited Plaintiff to less than the full range of sedentary work, including restrictions for walking, standing, sitting, climbing, kneeling, crouching, crawling, balancing, and stooping. *See* TR. 35. Further, though Plaintiff cites to record evidence that Plaintiff's left knee caused significant pain, those medical records post-date the ALJ's decision. (ECF No. 18:20 (citing medical records dated 8/29/17 and 11/10/17 at TR. 10, 11, 13)). As explained by the Appeals Council: "The [ALJ] decided your case through August 1, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on

---

[4] Plaintiff implies that the VE's testimony should have directed the ALJ's RFC determination. *See* ECF No. 18:23 ("Yet, the ALJ's RFC did not include this limitation despite the fact that the [VE] confirmed this would preclude work."). The VE offered testimony on various alternative hypotheticals (TR. 86-90), none of which directed the ALJ's findings on Plaintiff's functional limitations. *See Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) ("The ALJ was not required to accept the answer to a hypothetical question that included limitations claimed by the plaintiff but not accepted as supported by the record."). Plaintiff's argument is unavailing.

7

or before August 1, 2017." (TR. 2). Plaintiff does not present arguments that the post-dated medical records should be considered, nor does Plaintiff present argument or record evidence that his left knee pain caused significant functional limitation during the relevant time period. *See* ECF No. 18:20, 24. Though Plaintiff cites to record evidence reflecting that he had left knee pain, he does not provide evidence of functional limitations that should have been included in the RFC but were not. Plaintiff has not shown that the ALJ's RFC assessment is not supported by substantial evidence. *See Biestek*, 139 S. Ct. at 1154.

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on this review, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on June 20, 2019.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE